JASON J. CURLIANO (SBN 167509)
KHALED TAQI-EDDIN, ESQ. (SBN 220923)
BUTY & CURLIANO LLP
555 12th Street, Suite 1280
Oakland, California 94607
Telephone: (510) 267-3000
Facsimile: (510) 267-0117
Email: jasonc@butycurliano.com

JOHN CROSSMAN
ZUKERMAN GORE & BRANDEIS, LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 223-6700
Facsimile: (212) 223-6433
Email: john@johncrossman.com

Attorneys for Defendant
FREEDOM MORTGAGE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IRWIN UNION BANK AND TRUST COMPANY and IRWIN HOME EQUITY CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | No.: C 08-00472 PJH<br><br>Action Filed: January 22, 2008<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT FREEDOM MORTGAGE CORPORATION TO DISMISS OR STAY ACTION AND FOR AN ORDER COMPELLING ARBITRATION**<br>**[FRCP RULE 12(b)]**<br>**[9 U.S.C. §§ 3-4]**<br><br>Date: April 16, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Phyllis J. Hamilton |

1

## I. INTRODUCTION

Defendant Freedom Mortgage Corporation ("Freedom") respectfully requests this Court to issue an order dismissing this action (or in the alternative, staying this action), and an order compelling Plaintiffs Irwin Union Bank And Trust Company ("Irwin Union") and Irwin Home Equity Corporation ("IHE") (and collectively, the "Irwin Entities") to arbitrate all of the claims asserted in the Complaint filed by them on January 22, 2008 (the "Complaint") before the National Arbitration Forum, based on the provisions of the contract upon which all of those claims are based. That contract, entitled "Correspondent Loan Purchase and Sale Agreement" and dated December 11, 2003 (the "IHE Agreement"), to which both Freedom and the Irwin Entities are parties, provides that the parties to it have the right to demand that any claims arising out of or relating to the IHE Agreement be resolved by binding arbitration in California. Under these circumstances, Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Sections 3 and 4 of the Federal Arbitration Act (9 U.S.C. §§ 1-16) and the California Arbitration Act (Cal.C.Civ.Pro. §§ 1280-1294.2) dictate that (1) this action be dismissed (or in the alternative, stayed), and (2) the Irwin Entities be compelled to arbitrate their claims in this action in binding arbitration.

## II. ARGUMENT

### A. **Factual and Procedural Background**

On or about December 11, 2003, the Irwin Entities entered into the IHE Agreement with their sister company, Irwin Mortgage Corporation ("IMC"). IMC is a wholly-owned subsidiary of Irwin Financial Corporation ("IFC"), and a member of the Irwin family of companies founded by IFC.

The IHE Agreement confers upon IMC the right to sell mortgage loans to the Irwin Entities under the terms and subject to the conditions set forth therein. The IHE Agreement obliges (1) the Irwin Entities to purchase those loans per the Agreement's terms and conditions, and (2) IMC to repurchase certain of the mortgage loans under conditions specified in the Agreement. The parties to the IHE Agreement entered into two addenda modifying it on January 6, 2004 and February 12,

2

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 12TH ST., SUITE 1280
OAKLAND CA 94607
510.267.3000

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FREEDOM MTG. CORP.'S MOT. TO DISMISS OR STAY ACTION AND FOR AN ORDER COMPELLING ARBITRATION
CASE NO. C08-00472 PJH

2004 (the "2004 Addenda"). (See the IHC Agreement, followed by the 2004 Addenda, attached as Exhibit A to the Declaration of David Altman in support of this motion, dated March 12, 2008 and filed herewith (the "Altman Decl.")).

The IHE Agreement provides in Article VIII, § 8.09, as follows:

> Section 8.09   Arbitration
> Upon written request by either party that is submitted according to the applicable rules for arbitration, any claim, demand or cause of action, which arises out of or is related to this Agreement [], may be resolved by binding arbitration in the State of California, in accordance with (i) the Federal Arbitration Act; (ii) the Code of Procedure [] of the National Arbitration Forum [] and (iii) this Agreement which shall control any inconsistency between it and the Code.

(Altman Decl. Exh. A at 22.) In addition, the IHE Agreement provides that California law governs all questions concerning the interpretation and performance of its terms. (*Id.*, Article VIII, Section 8.11 "Forum; Governing Law". )

On August 7, 2006, Freedom, IMC and IFE entered into an Asset Purchase Agreement by which Freedom purchased from IMC and IFE substantially all of IMC's assets comprising one of IMC's businesses, including the IHE Agreement. In September 2006, IMC and Freedom executed an Assignment and Assumption Agreement relating to the assets Freedom had purchased dated as of September 18, 2006. (*See* Altman Decl. Exh. B, Assignment and Assumption Agreement dated as of September 18, 2006.) On September 29, 2006, the Irwin Entities executed a Consent to the assignment of the IHE Agreement, making Freedom a party to the IHE Agreement as modified by the 2004 Addenda. (See Altman Decl. Exh. C, Consent to Assignment executed on September 29, 2006). There is a purported 2006 Addendum to the IHE Agreement, which is in dispute, but it does not affect the IHE Agreement's arbitration provision. (See Altman Decl. Exh. D).

The Complaint alleges that the Addendum modified the terms of the IHE Agreement, and that under such modified terms Freedom is obligated to repurchase loans that the Irwin Entities have deemed to have "Defects" as that term is defined by the two documents, for an amount exceeding $8.3 million. (Complaint, at 2:22-6:14.) Each of the claims in the Complaint – two for

3

breach of the IHE Agreement and one for negligence – derive from these allegations. (See *id.* at 6:15-8:16.)

Simultaneously with this motion, pursuant to the IHE Agreement Freedom is filing a claim with the National Arbitration Forum (the "NAF"), the arbitration forum designated in the IHE Agreement. In the arbitration, Freedom seeks an order declaring the purported Addendum void and unenforceable because it was procured by fraud and economic duress, and because it is not supported by consideration. Freedom's claim will annex the Complaint and seek a declaration of all rights concerning this action.

**B.     This Court Should Dismiss this Action.**

Under the circumstances present here, a dismissal or stay of this case is appropriate because Freedom has a direct right under the IHE Agreement to compel Defendants to arbitrate all of the claims raised in the Complaint. Freedom therefore moves the Court for an order dismissing this action or, in the alternative, staying this action in favor of the arbitration process.

A motion to dismiss, or in the alternative, to stay the action, is an appropriate response to a complaint. "A trial court may … note the inadequacy of a complaint and dismiss it for failure to state a claim" under Rule 12(b)(6) when an "arbitration clause [is] broad enough to bar all of the plaintiff's claims …" *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir., 1988) (citation omitted); *see also, Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir., 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *24 Hour Fitness, Inc. v. Superior Court*, 66 Cal.App.4th 1199, 1208 (1998) ("Because the only issue presented … was covered by the arbitration agreement, it was not error to dismiss the suit.").

There is no compelling reason for this Court to retain jurisdiction over this case and it should be dismissed. *See Alford*, 975 F.2d at 1164; *24 Hour Fitness*, 66 Cal.App.4th at 1208. However, if the Court declines to dismiss for any reason, the Court should stay this action pending the completion of arbitration of the issues implicated in the Complaint. *See* 9 U.S.C. § 3; Cal.C.Civ.Pro. § 1281.4.

4

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 12TH ST., SUITE 1280
OAKLAND CA 94607
510.267.3000

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FREEDOM MTG. CORP.'S MOT. TO DISMISS OR STAY ACTION AND FOR AN ORDER COMPELLING ARBITRATION
CASE NO. C08-00472 PJH

**C. This Court Should Compel the Irwin Entities To Arbitrate the Claims Asserted in Their Complaint.**

Sections 3 and 4 of the Federal Arbitration Act (9 U.S.C. §§ 1-16) and the California Arbitration Act (Cal.C.Civ.Pro. §§ 1280-1294.2) dictate that the Irwin Entities be compelled to arbitrate their claims, which fall squarely within the IHE Agreement's arbitration provision. Under the FAA, written agreements to arbitrate are "valid, irrevocable and enforceable" (9 U.S.C. § 2), and the United States Supreme Court has directed federal courts to "rigorously enforce" arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd.*, 470 U.S. 213, 221 (1985). "By its terms, the [Federal Arbitration] Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* at 218. Likewise, "[w]here parties have agreed to arbitrate their differences, it is the clear intent of the California arbitration statute that courts should enforce the performance of that agreement." *Government Employees Ins. Co. v. Brunner*, 191 Cal.App.2d 334, 340 (1961) (citation omitted).

The arbitration provision in the IHE Agreement constitutes a valid, enforceable and irrevocable written agreement to submit to arbitration the issues raised in the Complaint, and the Irwin Entities should be precluded from further pursuing those claims in this Court. *See* 9 U.S.C. § 2; Cal.C.Civ.Pro. § 1281.

**III. CONCLUSION**

For the reasons set forth herein, Freedom respectfully requests that the Court issue an order dismissing this action (or in the alternative, staying it in its entirety) and compelling the Irwin Entities to arbitrate all causes of action in the Complaint.

Dated: March 12, 2008         BUTY & CURLIANO, LLP

By: /s/ Khaled
KHALED TAQI-EDDIN
Attorneys for Defendant
FREEDOM MORTGAGE CORPORATION



5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FREEDOM MTG. CORP.'S MOT. TO DISMISS OR STAY ACTION AND FOR AN ORDER COMPELLING ARBITRATION
CASE NO. C08-00472 PJH