DAVID J. BERGER (Bar No. 147645)
DOMINIQUE-CHANTALE ALEPIN (Bar No. 241648)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
dalepin@wsgr.com

JENNY L. DIXON (Bar No. 192638)
WILSON SONSINI GOODRICH & ROSATI
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
jldixon@wsgr.com

Attorneys for Plaintiffs
IRWIN UNION BANK AND TRUST COMPANY
and IRWIN HOME EQUITY CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| IRWIN UNION BANK AND TRUST COMPANY AND IRWIN HOME EQUITY CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> FREEDOM MORTGAGE COMPANY, <br><br> Defendants. | CASE NO.: C08-00472-PJH <br><br> Action filed: January 22, 2008 <br><br> **PLAINTIFFS' RESPONSE RE: DEFENDANT FREEDOM MORTGAGE CORPORATIONS MOTION TO DISMISS OR STAY ACTION AND FOR AN ORDER COMPELLING ARBITRATION** <br><br> Date:   April 30, 2008 <br> Time:  9:00 a.m. <br> Courtroom: 3 <br> Hon. Phyllis J. Hamilton |

# INTRODUCTION

This case arises out of Defendant Freedom Mortgage Corporation's ("Freedom") breach of its obligation to repurchase numerous mortgage loans under a contract with Plaintiffs Irwin Union Bank and Trust Company ("Irwin Union") and Irwin Home Equity Corporation ("IHE"). When Freedom purchased certain assets from another Irwin entity, Irwin Mortgage Corporation ("IMC"), which is not a party to this action, it assumed that contract and liabilities for loans underwritten by Freedom after the asset purchase. By its motion, Freedom purports to seek a dismissal or stay of this action in order to compel the arbitration of Plaintiffs' claims. However Freedom's papers fail to disclose certain key facts to this Court: that it has already sought to stay the arbitration proceeding it seeks to compel by this motion and that it filed a separate, related case in federal district court in Delaware against two other Irwin entities, IMC and Irwin Financial Corporation ("IFC" or "Irwin Financial"), the direct or ultimate parent corporation of each of IHE, Irwin Union and IMC.

Freedom's Delaware complaint essentially seeks to resolve (in a different forum) the same issues present in this case—specifically, Freedom seeks to litigate the issue of whether it is obligated to repurchase the loans under its contract with IHE and Irwin Union. Most significantly, Freedom's Delaware complaint requests an order that IFC compel the Plaintiffs in this action to abandon their claims against Freedom. *See*, *e.g*., Freedom Compl. at 20. (A copy of the complaint filed by Freedom in the Delaware action is attached as Exhibit 1 to the Declaration of Jenny L. Dixon ("Dixon Decl.") filed herewith.)

Plaintiffs believe that Freedom's claims in the Delaware action and this action should be consolidated before one court, and litigated together. Freedom will undoubtedly point to the fact that its claims against IFC and IMC in the Delaware action purportedly arise under a different contract, which makes federal court in Delaware an appropriate venue and does not contain an arbitration provision. Freedom Compl. ¶¶ 13-16. The parties have engaged in informal discussions concerning consolidation, and Plaintiffs, IFC and IMC are amenable to consolidation and willing to have all of the claims go to arbitration if that is Freedom's preferred forum.

PLAINTIFFS' RESPONSE RE: DEF'S MOT.
TO DISMISS OR STAY AND FOR ORDER
COMPELLING ARBITRATION
CASE NO. C08-00472-PJH

-1-

3332893_2.DOC

However, Plaintiffs respectfully submit that it is contrary to judicial economy and common sense to have multiple, overlapping actions in different forums.

Accordingly, Plaintiffs respectfully request that if the Court is inclined to refer this case to arbitration, Freedom be directed to bring its claims against any other Irwin entity involving these same facts in the same forum because the Irwin entities are willing to agree to a change of forum.  Alternatively, if Freedom is unwilling to bring its claims in arbitration, then Plaintiffs respectfully request that Freedom's motion be denied.  Further, in the event that Freedom is unwilling to have these cases consolidated, IFC and IMC intend to file a motion to dismiss, stay or transfer the Delaware action to the Northern District of California on or before April 23, 2008 because of this first-filed parallel action.  What Freedom should not be permitted to do is defeat this first-filed action and then stay indefinitely the resolution of Plaintiffs' claims as it presently intends to do.

## BACKGROUND

### A. The Parties

Plaintiff Irwin Union is a commercial bank based in Indiana, founded more than 130 years ago.  *See* Compl. ¶ 2.  Plaintiff IHE is a consumer mortgage lender.  *Id.* ¶ 3.  Irwin Union owns IHE and is a wholly owned subsidiary of Irwin Financial Corporation.  Freedom's Mem. of Points & Auth. ISO Motion to Dismiss or Stay Action ("Freedom's Mot.") at 3-4.  Irwin Union also owns IMC.  *See* Compl. ¶ 9.

Defendant Freedom is a licensed mortgage banker.  *Id.* ¶ 4.  Freedom entered into an agreement with Irwin Financial and IMC to acquire IMC's mortgage origination assets.  Freedom's Mot. at 4.  Irwin Financial was a party to the Asset Purchase Agreement because, as the parent corporation of Irwin Union (which owns IMC), Irwin Financial is the indirect owner of IMC's outstanding stock.

### B. The Transactions at Issue

In May 2006, Freedom and IMC signed a letter of intent and Freedom began conducting due diligence on IMC's business.  Freedom Compl. ¶ 19.  After completing its due diligence, Freedom purchased certain assets, and assumed certain liabilities, from IFC and IMC in

1  accordance with the Asset Purchase Agreement dated as of August 7, 2006.  *Id.* ¶¶ 22-23.

2  Among the assets assigned to Freedom under the Asset Purchase Agreement was a previously

3  existing Correspondent Loan Purchase and Sale Agreement (the "Loan Purchase Agreement")

4  between IHE and Irwin Union, on the one hand, and IMC, on the other hand, pursuant to which

5  mortgage loans were sold to IHE and Irwin Union from time to time.  Compl. ¶¶ 19-24.

6        The Loan Purchase Agreement required IMC (and subsequently, Freedom) to repurchase

7  loans which were "defective."  *Id.* ¶¶ 16-18.  "Defective" loans included, among others, those on

8  which the first payment had not been made.  *Id.*  In October 2006, after the asset purchase closed,

9  Freedom executed an Addendum to the Loan Purchase Agreement that expanded the definition

10  of "defective" loans to include those on which the first, second and/or third payments had not

11  been made.  *Id.* ¶¶ 25-28.  Numerous loans that Freedom originated and sold to IHE and Irwin

12  Union after purchasing IMC's assets and assuming the Loan Purchase Agreement were defective

13  for one or more reasons.  *Id.* ¶¶ 29-32.  IHE and Irwin Union requested that Freedom repurchase

14  these loans.  *Id.* ¶¶ 33-36.  Freedom has refused to do so and contends that the 2006 Addendum

15  is void and unenforceable under a variety of theories.

16        **C.**     **This Action and the Related Proceedings**

17        On January 22, 2008, IHE and Irwin Union filed the present action asserting two claims

18  for breach of contract – the Loan Purchase Agreement – and a claim for negligence.  After

19  requesting and receiving several extensions of time, Freedom responded to the Complaint on

20  March 13, 2008 by way of this motion to dismiss or stay action and for an order compelling

21  arbitration.

22        In its moving papers, Freedom represented that "[s]imultaneously with this motion,

23  pursuant to the [Loan Purchase Agreement] Freedom is filing a claim with the National

24  Arbitration Forum."  Freedom's Mot. at 5.  What Freedom neglected to mention, however, was

25  that its Initial Claim for Arbitration also contains a request for stay of arbitration.  *See* Dixon

26  Decl., Exhibit 2 (Freedom's Initial Claim for Arbitration dated March 12, 2008) at 12-13.

27  Freedom's moving papers in this Court also failed to state that the purpose of the stay is so

28  Freedom can obtain a resolution of its "action in the U.S. District Court, District of Delaware

PLAINTIFFS' RESPONSE RE: DEF'S MOT.        -3-                                   3332893_2.DOC
TO DISMISS OR STAY AND FOR ORDER
COMPELLING ARBITRATION
CASE NO. C08-00472-PJH

1  (the "Injunction Action"), against [IHE and Irwin Union's] parent Irwin Financial, and IMC"

2  that was filed on March 12, 2008.  *See* Dixon Decl., Exhibit 2 at 4.

3        In its arbitration claim, Freedom characterizes its claims in the Delaware action as

4  "seek[ing] specific performance compelling Irwin Financial to direct . . . IHE and [Irwin Union]

5  to cease pursuing the claims that are the subject of [this] action."  *Id*.  Freedom goes on to

6  explain that the outcome of the Injunction Action in Delaware should result in the dismissal of

7  the arbitration proceeding.  *Id*.

## ARGUMENT

9        The Loan Purchase Agreement contains a permissive arbitration provision, which

10  provides in part that "[u]pon written request by either party . . . any claim, demand or cause of

11  action, which arises out of or is related to this Agreement . . . *may* be resolved by binding

12  arbitration in the State of California . . . .  Compl., Ex. A at 22 (emphasis added).  The Loan

13  Purchase Agreement goes on to provide that the "[a]ny action between the parties relating to or

14  arising under this Agreement shall be tried in the federal or state courts located in Contra Costa

15  County, California."  *Id.*

16        A number of courts have held that contract provisions containing permissive language

17  such as the term "may" can serve as the basis to compel arbitration in light of the presumption in

18  favor of arbitration of disputes as set forth in the Federal Arbitration Act.  *See United States v.*

19  *Bankers Ins. Co.*, 245 F.3d 315, 320-21 (4th Cir. 2001) (discussing case law interpreting

20  arbitration provisions using the word "may"); *Erickson v. Aetna Health Plans of California*, 71

21  Cal. App. 4th 646, 654-55 (1999) (same).  Here, the arbitration provision is not as unequivocal as

22  Freedom contends.  Plaintiffs believe that the clear language and intent of the Loan Purchase

23  Agreement, which mandates that "[a]ny action between the parties relating to or arising under

24  this Agreement" be tried in this Court or the Contra Costa County Superior Court, demonstrates

25  that the parties' intent was to have the option to arbitrate *or* seek resolution before the specified

26  courts.  This calls into doubt Freedom's contention with respect to the arbitration provision that

27  Freedom had no role in negotiating—it just assumed the contract as part of its acquisition of

28  IMC's assets.

PLAINTIFFS' RESPONSE RE: DEF'S MOT.    -4-    3332893_2.DOC
TO DISMISS OR STAY AND FOR ORDER
COMPELLING ARBITRATION
CASE NO. C08-00472-PJH

However, Plaintiffs respectfully submit that here there is a competing, and greater, policy issue at stake than that contained in the Federal Arbitration Act: the notion of judicial economy. Numerous courts have repeatedly recognized that importance of judicial economy and the problems that may arise when cases containing common facts and parties are litigated in different forums. *See Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). For this reason, courts routinely transfer, stay or dismiss cases brought in multiple forums so that all the cases can be litigated together, before a single judge in a single forum. *See Alltrade*, 946 F.2d at 622 (affirming district court's finding that the first-to-file rule applied and staying this action to allow first-filed action to proceed even when that action involved additional claims and parties ). Courts also give deference to the plaintiff's choice of forum in a first-filed action absent special circumstances. *See Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252 CRB, 2002 WL 31465299, at *3-*4 (N.D. Cal. Oct. 22, 2002) (rejecting plaintiffs' argument that the first-to-file doctrine does not apply because the second action named additional parties in the first filed action and they would be prejudiced by adjudication of that action: "[P]laintiffs' argument ignores the fact that courts generally do not require identical issues or parties so long as the actions involve closely related questions or common subject matter."); *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584 (D. Del. 2007) (granting defendant's motion to dismiss case in favor of a first-filed action in Texas). Freedom may contend that the arbitration provision at issue in this action should take precedent over the first-filed doctrine. This contention is undermined, however, by Freedom's attempt to stay the arbitration it seeks to compel and to instead proceed with litigating substantially the same issues against related parties in a different forum.

PLAINTIFFS' RESPONSE RE: DEF'S MOT. TO DISMISS OR STAY AND FOR ORDER COMPELLING ARBITRATION
CASE NO. C08-00472-PJH

-5-

3332893_2.DOC

Plaintiffs believe that the importance of judicial economy and the benefits of having all of the issues litigated in a single forum are equally present in this case.[1]  Plaintiffs originally filed their complaint in this Court and with these parties because Plaintiffs believed that these were the essential parties to this dispute, and that the forum selection clause for the contract at issue here provided that this case was to be brought in this Court.  Plaintiffs continue to believe that this is still the right forum for this dispute, and that these parties are sufficient.  Indeed, the substance of Freedom's claims in the Delaware action—that the 2006 Addendum is void—could have been (and should have been) asserted as cross-claims and litigated in this action.  However, to the extent that Freedom believes other Irwin entities should be added, those entities would have been (and are) willing to consent to Freedom adding them by way of counter-claim, so that all of the issues could be heard in this Court.

Instead, Freedom chose to try to get this case moved to arbitration and stayed, and chose to file a similar action in Delaware.  Freedom's forum-shopping should not be rewarded or countenanced.  If Freedom wants to have all of the issues in dispute arbitrated, that is acceptable to Plaintiffs in this case (as well as IFC and IMC).  Alternatively, if Freedom believes that the case should proceed in federal court, then Plaintiffs respectfully request that Freedom's motion to stay or transfer this action be denied, and that Freedom bring the claims in its Delaware case as counterclaims in this case (as noted above, IFC and IMC intend to make a similar motion in the Delaware action on or before April 24, 2008).  What should not occur, however, is for this case to be transferred to arbitration and then have that arbitration stayed or moving forward at the same time as the Delaware action filed by Freedom, with the potential for conflicting results and the unnecessary burdens incurred as a result of litigating overlapping (and indeed some identical) issues in multiple forums.

---

[1] Plaintiffs, Irwin Financial and IMC believe that Freedom's claims in the Delaware action are without merit.  Nonetheless, resolution of these claims in the same forum as Plaintiffs' will be most efficient and conserve judicial resources.

PLAINTIFFS' RESPONSE RE: DEF'S MOT.         -6-                                           3332893_2.DOC
TO DISMISS OR STAY AND FOR ORDER
COMPELLING ARBITRATION
CASE NO. C08-00472-PJH

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court either defer ruling on this motion until the Delaware court has addressed the motion to transfer that action to the Northern District of California or take other such action to ensure that the parties and courts do not have to face multiple actions in different forums over the issues raised in this case.

Dated: April 9, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
David J. Berger (Bar No. 147645)
Jenny L. Dixon (Bar No. 192638)
Dominique-Chantale Alepin (Bar No. 214648)

By: _____/s/_____
David J. Berger

650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Attorneys for Plaintiffs Irwin Union Bank and Trust Company and Irwin Home Equity Corporation

I, Jenny L. Dixon, am the ECF User whose identification and password are being used to file this PLAINTIFFS' RESPONSE RE: DEFENDANT FREEDOM MORTGAGE CORPORATIONS MOTION TO DISMISS OR STAY ACTION AND FOR AN ORDER COMPELLING ARBITRATION. In compliance with General Order 45.X.B, I hereby attest that David J. Berger has concurred in this filing.

Dated April 9, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: Jenny L. Dixon
Jenny L. Dixon

*Attorneys for Plaintiffs Irwin Union Bank and Trust Company and Irwin Home Equity Corporation*