| | |
|---|---|
| 1 | DAVID J. BERGER (Bar No. 147645) |
| | DOMINIQUE-CHANTALE ALEPIN (Bar No. 241648) |
| 2 | WILSON SONSINI GOODRICH & ROSATI |
| | 650 Page Mill Road |
| 3 | Palo Alto, CA 94304 |
| | Telephone: (650) 493-9300 |
| 4 | Facsimile: (650) 493-6811 |
| | dalepin@wsgr.com |
| 5 | |
| | JENNY L. DIXON (Bar No. 192638) |
| 6 | WILSON SONSINI GOODRICH & ROSATI |
| | One Market Street |
| 7 | Spear Tower, Suite 3300 |
| | San Francisco, CA 94105 |
| 8 | Telephone: (415) 947-2000 |
| | Facsimile: (415) 947-2099 |
| 9 | jldixon@wsgr.com |

Attorneys for Plaintiffs
IRWIN UNION BANK AND TRUST COMPANY
and IRWIN HOME EQUITY CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| IRWIN UNION BANK AND TRUST COMPANY AND IRWIN HOME EQUITY CORPORATION, | CASE NO.: C08-00472-PJH |
| | Action filed: January 22, 2008 |
| Plaintiffs, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' RESPONSE RE: DEFENDANT FREEDOM MORTGAGE CORPORATIONS MOTION TO DISMISS OR STAY ACTION AND FOR AN ORDER COMPELLING ARBITRATION** |
| v. | |
| FREEDOM MORTGAGE COMPANY, | |
| Defendants. | |
| | Date: April 30, 2008 |
| | Time: 9:00 a.m. |
| | Courtroom: 3 |
| | Hon. Phyllis J. Hamilton |

REQUEST FOR JUDICAL NOTICE I/S/O
PLAINTIFFS' RESPONSE
CASE NO. C08-00472-PJH

3333997_1.DOC

1  Plaintiffs Irwin Union Bank and Trust Company ("Irwin Union") and Irwin Home Equity
2  Corporation ("IHE") (collectively "Plaintiffs") hereby request that the Court take judicial notice
3  of the following documents attached to the Declaration of Jenny L. Dixon ("Dixon Decl.") In
4  Support of Plaintiffs' Response Re: Defendant's Motion to Dismiss or Stay Action and for an
5  Order Compelling Arbitration.

**I.   Delaware Complaint**

Plaintiffs request that the Court take judicial notice of the Delaware Complaint filed by Freedom Mortgage Corporation ("Freedom") against Irwin Mortgage Company and Irwin Financial Corporation in the matter captioned *Freedom Mortgage Corporation v. Irwin Financial Corporation and Irwin Mortgage Company*, Case No. 08-CV-00146, attached as Exhibit 1 to the Dixon Decl.

The Court may take judicial notice of matters of public record including pleadings or documents filed in state of federal court and other related court records. *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002); *Mullis v. United States Bank Ct.*, 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987). Here, the Delaware Complaint was filed in the District of Delaware and thus the Court may properly take judicial notice of it as a public record.

**II.   Freedom's Arbitration Claim in the National Arbitration Forum**

Plaintiffs request that the Court take judicial notice of Freedom's Arbitration Claim filed in the National Arbitration Forum on March 12, 2008, captioned *Freedom Mortgage Corporation v. Irwin Home Equity Corporation and Irwin Union Bank and Trust Company*, attached to the Dixon Decl. as Exhibit 2. This document is referenced in the Delaware Complaint at ¶¶ 16-17, Freedom's Memorandum of Points and Authorities in Support of its Motion to Dismiss or Stay Action and for an Order Compelling Arbitration ("Freedom's Motion") at 5, and in the Declaration of David Altman in support of Freedom's Motion at ¶ 7.

A court may consider documents that are referenced in a complaint, if the authenticity of those documents is not at issue and the complaint relies on those documents. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference in a complaint if the plaintiff refers extensively to the

1 document or the document forms the basis of plaintiff's claim."); *In re Silicon Graphics, Inc.,*
2 *Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (permitting consideration of documents in a motion
3 to dismiss when their contents are alleged in the complaint, but not attached thereto, and their
4 authenticity is not questioned).  Even when a document is not specifically referenced in the
5 complaint, the Court may consider the document under the doctrine of incorporation by reference
6 if the document is integral to the claims.  *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d
7 983, 995 (S.D. Cal. 2005) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).
8 Numerous courts have taken judicial notice of arbitration records under Fed. R. Evid. 201.
9 *Rowland v. Prudential Financial, Inc.*, No. CV04-2287PHX-EHC, 2007 WL 1893630, at *1 n. 1
10 (D. Ariz. July 2, 2007) (citing *Stacks v. Southwestern Bell Yellow Pages, Inc.*, 27 F.3d 1316,
11 1326 n.3 (8th Cir. 1994); *Yerkovich v. MCA Inc.*, 11 F. Supp. 2d 1167 n. 2 (C. D. Cal. 1997)).

12        Here, Freedom's Arbitration Claim filed in the National Arbitration Forum is referenced
13 in Freedom's Delaware Complaint and Freedom relies extensively on its arbitration claim as a
14 basis to dismiss or stay this Action.  Therefore, the Court may properly take judicial notice of
15 Freedom's Arbitration Claim.

Dated: April 9, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
David J. Berger (Bar No. 147645)
Jenny L. Dixon (Bar No. 192638)
Dominique-Chantale Alepin (Bar No. 214648)

By:    /s/
         Jenny L. Dixon

650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Attorneys for Plaintiffs Irwin Union Bank and
Trust Company and Irwin Home Equity
Corporation