JASON J. CURLIANO, ESQ. (SBN 167509)
BUTY & CURLIANO LLP
555 12th Street, Suite 1280
Oakland, California 94607
Telephone: (510) 267-3000
Facsimile: (510) 267-0117
Email: jasonc@butycurliano.com

JOHN CROSSMAN[1]
ZUKERMAN GORE & BRANDEIS, LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 223-6700
Facsimile: (212) 223-6433
Email: jcrossman@zgbllp.com

Attorneys for Defendant
FREEDOM MORTGAGE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IRWIN UNION BANK AND TRUST COMPANY and IRWIN HOME EQUITY CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | No.: C 08-00472 PJH<br><br>Action Filed: January 22, 2008<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION OF DEFENDANT FREEDOM MORTGAGE CORPORATION TO DISMISS OR STAY ACTION AND FOR AN ORDER COMPELLING ARBITRATION**<br>**[FRCP RULE 12(b)]**<br>**[9 U.S.C. §§ 3-4]**<br><br>Date: April 30, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Phyllis J. Hamilton |

---

[1] Admitted *pro hac vice*.

Defendant Freedom Mortgage Corporation ("Freedom") submits this reply in support of Freedom's motion for an order dismissing this action (or, in the alternative, staying it pending the completion of arbitration), and compelling plaintiffs Irwin Union Bank and Trust Company and Irwin Home Equity Corporation (the "Irwin Entities") to arbitrate all causes of action alleged in their Complaint against Freedom.

## STATEMENT OF ISSUES TO BE DECIDED

This motion presents two issues to be decided by the Court:

(1) whether this action should be dismissed with prejudice or, in the alternative, stayed pending the completion of binding arbitration; and

(2) whether the Irwin Entities should be compelled to arbitrate all causes of action alleged in their Complaint against Freedom.

## STATEMENT OF RELEVANT FACTS

The relevant facts for purposes of this reply brief are the same as those set forth in Freedom's opening brief.

## ARGUMENT

The U.S. Supreme Court has cautioned Courts against becoming entangled in the merits of a dispute under the guise of determining arbitrability. *United Steelworkers of Amer. v. Amer. Mfg. Co.*, 363 U.S. 564, 567-578, 80 S.Ct. 1343 (U.S. 1960); accord, *United Food and Commercial Workers Union, Local 770 v. Geldin Meat Co.*, 13 F.3d 1365, 1368 (9th Cir. 1994). The Irwin Entities do not contend that this dispute is outside the scope of the arbitration clause. However, they confuse the matter by raising issues that are not before this Court, but are properly for resolution by the arbitrators to be appointed by the National Arbitration Forum. They also muddle things by raising issues pending before the U.S. District Court, District of Delaware in an entirely separate lawsuit involving an entirely different contract to which the Irwin Entities are not parties.

Where, as here, a party seeks to enforce an arbitration provision in a commercial contract pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, the Court's role is limited to determining

1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION OF DEFENDANT FREEDOM MORTGAGE CORPORATION TO DISMISS OR STAY ACTION AND FOR AN ORDER COMPELLING ARBITRATION [FRCP RULE 12(b)][9 U.S.C. §§ 3-4]
CASE NO. C08-00472 PJH

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 12th ST., SUITE 1280
OAKLAND CA 94607
510.267.3000

(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If the response is affirmative on both counts, then "the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id.* By its terms, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id., quoting Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).

The Irwin Entities concede that they are parties to the IHE Agreement, and that Freedom, as assignee, is also a party. The Irwin Entities also concede that the IHE Agreement contains a broad arbitration provision covering all claims "that arise[] out of or [are] related to this Agreement" (Opp. Br., p. 4). In their seven-page opposition, the Irwin Entities never dispute that their claims, which concern alleged rights under the IHE Agreement, are encompassed by the arbitration provision. As a result, the FAA mandates arbitration.

Courts have squarely rejected the Irwin Entities' suggestion that arbitration is not required based on the use of the word "may" in the arbitration clause, *United Steelworkers of Amer. v. Amer. Mfg. Co., supra,* 363 U.S. at 565; *Erickson v. Aetna Health Plans of California,* 71 Cal. App. 4th 646, 654-655 (1999); *Service Employees Internat. Union, Local 18 v. Amer. Building Maint. Co.,* 29 Cal.App.3d 356, 358 (1972). Indeed, even the Irwin Entities recognize that "contract provisions containing permissive language such as the term 'may' *can* serve as the basis to compel arbitration", (Opp. Br. at 4:16-17). They even cite to cases so holding in their opposition. *United States v. Bankers Ins. Co.,* 245 F.3d 315, 318-321 (4th Cir. 2001) (Opp. Br. at 4:18-19)(reversing trial court's denial of a motion to stay pending arbitration).

Contrary to the Irwin Entities' assertions, even if the interest of judicial economy was an appropriate consideration (and it is not), that interest would be furthered <u>not</u> by keeping this case in this Court, but by the Court dismissing this action and compelling arbitration, as agreed by the

2

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 12th ST., SUITE 1280
OAKLAND CA 94607
510.267.3000

parties in the IHE Agreement. None of the cases cited in the opposition suggest otherwise; indeed, none of them involve a situation, like here, where parties to an arbitration agreement seek to merge their dispute with a lawsuit involving different parties in a completely different forum. But more to the point, given the scope of the arbitration agreement and the substance of the claims, the law provides this Court with no other choice.[2]

## CONCLUSION

For the reasons set forth herein and in its moving papers, Freedom respectfully requests that the Court issue an order dismissing this action (or in the alternative, staying it in its entirety) and compelling the Irwin Entities to arbitrate all causes of action averred in the Complaint.

Dated: April 16, 2008

BUTY & CURLIANO, LLP

By: _____
Jason J. Curliano
Attorneys for Defendant
FREEDOM MORTGAGE CORPORATION

---

[2] Moreover, the arbitration clause requires any litigation between the parties to the IHE Agreement to proceed in Contra Costa County. Freedom reserves any right to object on the basis that the San Francisco Division has no jurisdiction because it is not located in Contra Costa County.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION OF DEFENDANT FREEDOM MORTGAGE CORPORATION TO DISMISS OR STAY ACTION AND FOR AN ORDER COMPELLING ARBITRATION [FRCP RULE 12(b)][9 U.S.C. §§ 3-4]
CASE NO. C08-00472 PJH