UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IRWIN UNION BANK & TRUST COMPANY, et al.,

    Plaintiffs,

    v.

FREEDOM MORTGAGE COMPANY,

    Defendant.
_____/

No. C 08-0472 PJH

**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING DISMISSAL**

Defendant's motions to compel arbitration and dismiss the complaint came on for hearing before this court on April 30, 2008. Plaintiffs Irwin Union Bank & Trust Company and Irwin Home Equity Corporation appeared through their counsel, David J. Berger and Jenny L. Dixon. Defendant Freedom Mortgage Company appeared through its counsel, John K. Crossman and Jason J. Curliano. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to compel arbitration and DENIES defendant's motion to dismiss, as stated at the hearing, and summarized as follows:

Pursuant to section 4 of the Federal Arbitration Act, a district court must issue an order compelling arbitration if the following two-pronged test is satisfied: (1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the dispute at issue. See United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 766 (9th Cir. 2002). Here, the parties do not dispute that they are bound by the Loan Purchase Agreement, and that this agreement contains an arbitration clause that would encompass the claims at issue (which arise from a purported breach of the Loan Purchase Agreement). See, e.g., Declaration of David Altman, Ex. A at Article VIII, Section 8.09. Rather, they disagree only

on the question whether the arbitration provision, which includes permissive language, is equivalent to a mandatory arbitration provision.

As the court noted at the hearing, however, the Ninth Circuit has previously decided this issue and held that, under similar circumstances as those here, permissive language in an arbitration provision should be construed as mandatory. See, e.g., Collins v. Burlington Northern Railroad Co., 867 F.2d 542 (9th Cir. 1989); see also Am. Italian Pasta Co. v. Austin Co., 914 F.2d 1103, 1104 (8th Cir.1990)(holding the phrase "if both parties agree" to be a mandatory arbitration provision); Ceres Marine Terminals, Inc. v. Int'l Longshoremen's Ass'n, 683 F.2d 242, 246-47 (7th Cir.1982)("may refer the grievance to arbitration" is mandatory); Local 771, I.A.T.S.E. v. RKO Gen., Inc., 546 F.2d 1107, 1116 (2d Cir.1977)("may submit to arbitration" is mandatory).

Adopting this reasoning here, the court accordingly finds that the foregoing two-prong inquiry is satisfied, and arbitration is mandatory under the terms of the arbitration provision contained in the Loan Purchase Agreement. The court therefore GRANTS defendant's motion to compel arbitration.

The court DENIES, however, defendant's corresponding motion to dismiss. Instead, the court orders the instant action STAYED pending completion of arbitration proceedings.

**IT IS SO ORDERED.**

Dated: April 30, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge